UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ONESIMO HARO, | ) | 1:08-CV-01524 OWW GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| J. HARTLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On March 7, 2008, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of that Court dated October 7, 2008, the petition was transferred to this Court. Petitioner is in custody pursuant to a judgment following his conviction for second degree murder in the Santa Clara County Superior Court and serving a sentence of 17 years to life. Petitioner seeks declaratory and injunctive relief to prohibit the California Board of Parole Hearings from considering aggravating factors not found true beyond a reasonable doubt during his criminal trial.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Federal Claim

A parole release determination is not subject to all of the due process protections of an adversary proceeding. Pedro v. Oregon Parole Board, 825 F.2d 1396, 1398-99 (9th Cir. 1987); see also Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12 (1979) (explaining that due process is flexible and calls for procedural protections that particular situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution, the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated, even when a protected liberty interest exists." Pedro, 825 F.2d at 1399; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).

California law provides that after an inmate has served the minimum term of confinement required by statute, the Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for" the prisoner. Cal. Penal Code § 3041(b). "[I]f in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison," the prisoner must be found unsuitable and denied parole. Cal. Code Regs. tit. 15, § 2402(a). The Board decides whether a prisoner is too dangerous to be suitable for parole by applying factors it has set forth in the

1  California Code of Regulations.

2  Petitioner does not challenge the Board's decision denying parole. He has already done so in
3  a previous petition. See Haro v. Mendoza-Powers, Case No. 1:06-CV-00130 LJO SMS HC. Rather,
4  he seeks injunctive relief to prohibit the Board from using certain aggravating factors not found by
5  the jury in the underlying conviction when considering Petitioner for parole in the future. As support
6  for this claim, Petitioner relies on the decision in Cunningham v. California, 549 U.S. 270, 274
7  (2007), in which the Supreme Court held that California's determinate sentencing law violates a
8  defendant's right to a jury trial by placing sentence-elevating factfinding within the trial judge's
9  province.

10  Petitioner's claim is completely without merit. The Cunningham decision involved
11  California's sentencing law and specifically addressed the trial judge's sentencing authority. It is
12  completely inapplicable to California's parole provisions, because Petitioner's right to jury trial
13  under the Sixth and Fourteenth Amendments is not implicated. California does not provide for a jury
14  trial to determine whether Petitioner should be granted parole. Instead, California has granted the
15  authority to consider an inmate for parole to the Board of Parole Hearings. Pursuant to Cal. Code
16  Regs. tit. 15, § 2402, the parole panel is charged with determining whether the prisoner is suitable
17  for parole. Under § 2402(b), the panel must review all relevant, reliable information available,
18  including the circumstances of the commitment offense. As noted above, the setting of a minimum
19  term is not part of a criminal prosecution; therefore, the full panoply of rights due a defendant in
20  such a proceeding is not constitutionally mandated. Pedro, 825 F.2d at 1399. The holding and
21  reasoning in Cunningham has no application in this case, and the petition should be dismissed.

22  **RECOMMENDATION**

23  Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
24  corpus be DISMISSED with prejudice, and the Clerk of Court be DIRECTED to enter judgment.

25  This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
26  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
27  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
28  California.

1  Within thirty (30) days after being served with a copy, any party may file written objections
2  with the court and serve a copy on all parties. Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
4  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
5  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
6  parties are advised that failure to file objections within the specified time may waive the right to
7  appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **December 5, 2008**            /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE